and I see Mr. Winnicki's name and I see Mr. Tilker's name. I see Mr. Tilker and I see Mr. Winnicki. All right council I can see you both. Mr. Tilker give me a thumbs up if you can hear us. All right Mr. Winnicki you can hear us? Yes I can. Okay great. You can speak up just a little bit Mr. Winnicki and then you can proceed when you're ready. Yes thank you. May it please the court I would like to reserve a couple of minutes for rebuttal. Sure. The most critical issue in this appeal is Dr. Henry's request for leave to amend his complaint to add claims for discrimination and retaliation in violation of 42 U.S.C. section 1981 as well as claims for discrimination and retaliation under Hawaii law Hawaii revised statutes chapter 378 and claims for violations of his due process rights. This is critical. It's a critical issue because Dr. Henry's if Dr. Henry is allowed to amend his complaint his action in the court can go forward regardless of the outcome of the dispute regarding whether he was the hospital's employee or not for the purposes of title seven of the civil rights act. Dr. Henry requests leave to amend his complaint in his motion for reconsideration filed after the district court granted the hospital's motion for summary judgment regarding the employment issue. The district court denied the motion for leave to amend on the basis that after the entry of summary judgment and denial of the motion for reconsideration there was nothing to amend. This the district court probably heard because a post judgment motion to amend is evaluated under the same legal standard grounded on rule 15a as a similar motion filed before judgment is entered. Can I just clarify something you you said a bit earlier are are you backing away from the title 7 issue it seemed like the title 7 claim was the only claim in this case are you saying that if you amended you would be arguing something other than title 7? Only title 7 claims were asserted by Dr. Henry in his process filed complaint but what we requested was that we be able to amend the complaint to also assert claims under section 1981. Section 1981 doesn't require the plaintiff to be an employee so we would like to add those claims so that the issue of whether Dr. Henry was employee of the hospital or or not wouldn't preclude him from continuing to his action. So if we disagree with you about amendment then it seems like what we have before us is the title 7 issue and whether he's an employee do you have any argument that you should win on that issue? Yes I do. I started with the issue of amendment because I just felt it was it was such a critical issue here even though it was the amount of space that was given it was relatively small but it's a critical issue and we filed a citation of supplemental authorities to focus the attention on the Supreme Court case in Forman versus Davis where the Supreme Court made it clear that it was error for the court to reverse the district court's grant or denial of the motion to for for leave to amend because of the liberal standards under the Rule 15a of the Federal Rules of Civil Procedure which apply in the case of post-judgment motion to amend as well as prejudgment. What is your best argument that on the summary judgment record that was before the district court that your client was an employee? With respect to that issue, Your Honor, the court also erred in granting the hospital's motion for summary judgment because there were issues of material fact as to the degree of control the hospital exercised over Dr. Hendry. The district court in this case didn't allow Dr. Hendry to supplement the record to provide additional clarifications but in any case... Can I ask you, you phrased that in a way to say there were questions of he was an employee or an independent contractor should have gone to the jury or is that a legal question that needs to be decided by the judge? Yes, there were certainly issues of fact that could go to the jury in this case. The problem with that argument, it seems to me, is that's always true on an employee versus an independent contractor analysis because the whole point is you have different factors you have to if those different factors, I mean, you have to show a dispute of the material fact and then send that to the jury. I've always seen this as a legal question that a judge decides. So I don't understand the argument exactly that you would... I'm not sure what you would ever send to a jury to decide whether it's an employee versus an independent contractor. Yes, in many cases that indeed is decided by the judge because there are no really issues of material fact. In other cases, it is a question of fact, for example, the Salomon case versus Our Lady of Victory Hospital. You say it's a case where the court in the Second Circuit found that there were issues of material fact. So in this case, the issues of degree of control that the hospital exercised over Dr. Henry by specifically requiring him to perform certain procedures in a certain way, spend certain amount of time on certain procedures, take laparoscopic pictures in a certain way. There was also issues of very strict control of the bariatric surgeries that he performed. It was another part of his what the evidence was in the record at the time the district court decided summary judgment or what you tried to add to that record? Well, Dr. Henry submitted a declaration in which he already indicated the issues, the areas in which the hospital controlled his performance through its pervasive and excessive review process. He then supplemented it with additional information in his declaration that he submitted in support of the motion for reconsideration. There were also other disputes regarding the control of the time that Dr. Henry worked and the hospital setting his schedule. There were issues of He was never paid as an employee, right? He never received a W-2. How many years was this that he was working there? He was working there for one year. It was supposed to be an ongoing relationship, but the hospital terminated it for reasons that we So it's not like he received multiple. He didn't work multiple years where he just failed to receive a W-2. I see that in a lot of these cases, and I'm always confused by, you know, an independent contractor that comes in and never receives a W-2 and then all of a sudden, 15 years later, claims he was an employee. And I think, why didn't you ever raise that? But it sounds like that's not necessarily applicable here, because he wasn't there long enough. Well, first of all, he received 40% of his income directly paid by the hospital, but it wasn't paid on the regular payroll, but he did get it paid, get paid, you know, under his contract. But that was still 40% of his income directly paid. With respect to the issue of taxation treatment, the court in Heisenberg, the Second Circuit case, emphasized that such issues shouldn't be dispositive. Tax treatment, the labels that were put on the parties in the contract, which is effectively a contract of adhesion that was buried in many pages of text and, you know, questions like payment of benefits, whether he was treated formally as an employee or not, is not in any way dispositive. Rather, it should be de-emphasized. The realities of the situation should be considered. The so-called economic realities test, which this circuit used prior to the decisions in Darden and Reed, and later, this court in Murray, held that the test is functionally equivalent, that the economic realities test and the common law agency test that is now applied under the case of National Mutual Insurance Company versus Darden and its predecessor is now used in this circuit, but it's still the same standards. That's why the case of Mitchell is applicable here. That's the case of Mitchell versus Frank Howard Memorial Hospital, this court's case from 1988, where the court construed similar facts in favor of the physician. Of course, that case was different because that was a case where a motion to dismiss was decided, but the court did construe the factors such as a place where services were provided, equipment was provided by the hospital. All right, Mr. Wieniecki, you're going to need to wrap up. You're actually in overtime now. Yes, I will certainly have a few minutes. So, why don't we stop it there? I'll give you one minute for rebuttal, okay? Yes. All right, Mr. Tilker. Thank you, and may it please the court, Brian Tilker for appellees. Can your honors hear me? We can. Okay, thank you. I'd like to go straight to the actual summary judgment motion based on summary judgment record, and if the court has any questions on the motion to amend or leave to supplement, I'm happy to answer them, but I feel like it's been adequately briefed. And I'd like to point out a few things about the right to control in the physician-hospital context as requested by the clerk's order before this hearing. In the hospital-physician context, the right to control, it's more enlightening, as is said in Silichek, to analyze the control involved in when the doctor performs the services, the number of hours, and the administrative details incident to the professional services. And here, when you look at all the cases in the sister circuits analyzing this issue, and consistent with Murray in the Ninth Circuit, they look at the freedoms that are not typically enjoyed by an employee, and they focus on the formal terms governing the physician-hospital relationship. They look to whether the physician contracts freely with other hospitals or works for himself. Here, Dr. Henry was free to work for other hospitals, namely Queens, and worked also per his own admission for a private practice in Aloha Surgery. Whether the physician was required by the hospital to admit its patients there, it's undisputed that that's not the case. Whether the physician was required to be on the premises when on call, it's undisputed that he was not required to be on premises when on call, and it's undisputed that he could, at times, perform elective procedures at other hospitals while he was on call. Whether the physician billed his patients directly for professional services, it's undisputed that someone on behalf of plaintiffs not affiliated with Castle did all the billings for professional services. Ultimately, Dr. Henry has admitted that he was a private physician with a private practice who had the independent discretion to make his medical determinations. Can I ask a question? Does this question ever go to the jury? I just have this view that independent contractor versus employee is always a question for the judge, and this has in a couple of cases where, you know, it seems like there's always going to be a factual dispute on to what degree, you know, the control was exercised, and so if we adopt that, then we're always sending it to the jury. What's the rule on this? Judge Nelson, I think you're right that it is an issue of law, and the courts have determined that. Now, the Salomon case, there can be a genuine issue of material fact, I believe, Judge Nelson, in limited circumstances, and the Salomon case was that very limited circumstance where there was a genuine issue of fact as to the degree of control. Here, there are no disputed facts, so the question becomes, as a matter of law, was Dr. Henry an independent contractor or an employee? But in Salomon, there was a genuine issue of material fact because Salomon was alleging that there was a pattern of continuous monitoring over the details of how Salomon treated patients and chose which medications to use, all for the purposes of financial gain. Well, the problem is that doesn't seem too far off from what they're arguing here, so that's why I'm struggling with it, because I'd almost say that that's a second circuit decision, right? Yes, Your Honor. Yeah, so we're not bound by it. I'd almost say it's wrong, but the way you're describing it is giving me pause because I'm like, that seems to fit in exactly what's being argued here. Well, Your Honor, before I shoot myself on the foot on that one, I'd like to clarify my point there. This is far afield from Salomon in this case, and that was pointed out by Shaw versus Deaconess in the Sixth Circuit, where they explained, and in Levitin in the Seventh Circuit, a recent 2019 decision on the matter, that there's a situation of a continuing monitoring program prospectively, where the surgeon is actually still at the hospital practicing under the guise of a quality assurance program, and Salomon Court was key to point out that privileges were ongoing, but here that was not the case. By Dr. Henry's own admission, privileges ceased because of the peer review, and then after his privileges ceased, a recommendation was made by the MEC, and when you look at that, when you look at the evidence in the record, there's nothing that indicates that that review went past concerns over the standard of care. So it's nothing like Salomon in that sense. But the bottom line is, apparently what you're arguing here is, whatever we hear as far as evidence put forward by Henry, you're not contesting that. You're saying, we totally agree with that. That's exactly the control. So the only debate here is, does that evidence reach the control threshold as a legal matter to become an employee? That's exactly right, Judge Nelson. There's this spectrum, and when there's no undisputed facts, then it's up for the court to decide, where does it fit on that in favor of an independent contractor, and there's no genuine issue of fact. We don't dispute that CASEL has certain rules that apply to positions. But let's suppose that you did dispute it. Wouldn't you still just take the plaintiff's facts in the light most favorable to the plaintiff, and then still say, well, we're going to consider that, and that either hits the legal threshold or it doesn't. I mean, just because there were disputed facts, I guess you'd have to still show that it was material. And maybe that's the way to distinguish the Second Circuit case, is that the plaintiff's version might have said he was an employee, but the defendant's version would have said he wasn't, and so then you had to send it. Maybe that's the way to distinguish it. I agree with that, Your Honor. And in this case, there is no dispute of the Fourth Circuit, and all the court cases that followed, including Solomon, have recognized that the controls that a hospital has over its departments or its physicians are immaterial facts. They do not really move the needle when determining the right to control. The right to control, amongst all the other factors that weigh in our favor, is really dictated by the when and where, just like in Murray and the Ninth Circuit. And the when is, other than the once every six weeks on call obligation, was whenever he wanted to, upon his request, operating rooms would be made available. If he had a patient he saw in his least private practice space, and courts are saying in that context, this doctor had the freedom that an employee doesn't enjoy. But to go directly to your question, is that's the way I would say it, is there is no dispute of material facts here. And accepting all the undisputed facts, the overall picture is one of an independent contractor, just like in Murray and Barnhart. Counsel, if I can ask you a question about the money that he made. Fozen counsel said it was 40 percent. He's the number 40 percent. I was under the impression it was far less than that, but maybe I'm just not understanding what the 40 percent of 1.6 refers to. What is your understanding of the summary judgment record as to how much money he received for his services? I remember something being less than 1.6. That's kind of burned in my head, but you can kind of help me on that. It was an undisputed fact in the summary judgment record that less than 10 percent of his income came from Castle Medical Center. And he recorded all that income, as the record shows, as a 1099 income salary. And when they look at that, they're saying, well, who is compensating you for your services? And it's an undisputed fact that the hospital did not compensate him for any of his elective procedures and did not compensate him for any of his professional services. They only compensated him the same flat rate that was at issue in Alexander and all the $500 for each of the on-call days plus an extra $500 for each procedure up to a maximum of $1,500. But for all the other professional services where the money is made on these matters, that was billed directly by Dr. Henry and collected directly by Dr. Henry. And unless the court has any other questions, I will just submit. Well, I do want to, actually, I do want to ask about the amended complaint. I guess I need to, I can just go back and look at it, but what was the additional claim? It's true it was a 1981 claim. Is that what it was? That's correct. And among some other claims, and Dr. Henry has actually now filed those claims in an independent action that's stayed currently pending this hearing. But, and so I, so there's no need for us, I mean, does that moot this out because he's already filed those? Because there wouldn't be a reason to send it back down to amend it, or, you know, if he's already filed those in a separate claim. Yeah, I think that's a question for them. I mean, there's some claim splitting concerns here. But the key point in terms of the motion to amend, it was a post-judgment motion to amend. It's treated with greater skepticism, and there was no ground for setting aside, for granting a motion for reconsideration without opening the final judgment. The law of the Ninth Circuit is that the motion to amend is not to be granted. Thank you. Thank you. Thank you, counsel. Mr. Wernicke, we'll give you one minute. Right. Well, so first of all, I'd be most important with respect to the amendment of the complaint, the other action, actually, the pending motion to dismiss the basis of asserted. So those claims will also go out if he's not able to amend in this case, for the section 1981. So those other claims don't really weigh here. And with respect to the independent contractor status, I would just want to clarify, Dr. Henrys, with respect to Castle Medical Center, it's not a question of his other income. We're focusing here on Castle Medical Center. He could have another job at another hospital, but with respect to Castle Medical Center, he had an agreement with the hospital for on-call services, and that was the source of his income. Forty percent is in his declaration that he filed. Forty percent of his income came from Castle Medical Center directly. He was, the Castle Medical Center, all his patients came from his on-call plus his bariatric surgery practice. And the issue of control of his practice is a disputed issue because of the requirements that the hospital imposed on his practice. That is, there's a question here of control of his, of exercise of his judgment. So what is happening in the cases like a physician, a physician by nature, physician professional requires them to exercise their independent judgment. So as the court in Solomon has observed, if you emphasize this role of professional judgment, that in effect, such an approach would carve out all physicians as a category for protections of anti-discrimination statutes. But in fact, here there's even a question whether his independent professional judgment was impaired by the requirements of re-education with detailed required. They wanted to have him to learn how to do certain surgeries in a certain way, which he doesn't agree that was appropriate at all. And his expert witnesses testified that he did things correctly. So there is a question of whether these were in fact valid to change his manner of operating the time. All right. All right, counsel, I need you to wrap up. You're well over time now. Our point is that with respect to the issue of whether he was an independent contractor, there are genuine issues of material fact that are created by issues raised by Dr. Henry in his declarations and they appear to be disputed by the hospital. All right. Thank you very much, counsel. Thank you both for your argument in this case. This matter is submitted and we are adjourned for the day. Thank you. Thank you.
judges: Owens, Friedland, Nelson